UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROCKFORD BATTRELL, and ABEL TORRES, on behalf of themselves and all other similarly situated persons, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>ARMSTRONG FLOORING, INC.,<br><br>    Defendant. | |

## COMPLAINT AT LAW

Plaintiffs Rockford Battrell and Abel Torres, on behalf of themselves and all other similarly situated persons, known and unknown, through their attorneys, Siegel & Dolan Ltd., for their Complaint at Law against Armstrong Flooring, Inc. ("Armstrong" or "Company") state as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*, ("IMWL"), and Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Armstrong's failure to pay Plaintiffs, and the class they seek to represent, for all hours worked, including overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed at Armstrong's facility, located in Kankakee, Illinois. Accordingly, venue in the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Battrell resides in and is domiciled within this judicial district.

5. Torres resides in and is domiciled within this judicial district.

6. Plaintiffs and the class they seek to represent are current and former hourly employees who work for Armstrong at its Kankakee, Illinois facility and are not paid for all time worked, including the time spent attending required pre-shift meetings. As a result, Plaintiffs and the class they seek to represent are not paid overtime as required by the IMWL and FLSA for all hours worked in excess of forty (40) hours in individual workweeks.

7. Within the prior three years, Plaintiffs were employed by Armstrong as "employees" as defined by the IMWL, 820 Ill. Comp. Stat. 105/3(d), and the FLSA, 29 U.S.C. § 203(e)(2)(C).

8. Armstrong was Plaintiffs' employer as defined by the IMWL, 820 Ill. Comp. Stat. 105/3(c), and by the FLSA, 29 U.S.C. § 203(d).

9. Armstrong is a corporation doing business in the flooring industry. Specifically, it develops and manufactures myriad flooring products. The Company's corporate headquarters is in Lancaster, Pennsylvania, and it has a facility located in Kankakee, Illinois.

10. Armstrong is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

11. Battrell worked as an hourly employee for Armstrong from approximately March 25, 2013 until on or about February 15, 2017.

12. Throughout his employment with Armstrong, Battrell regularly worked at least forty (40) hours per week.

13. Torres worked as an hourly employee for Armstrong from approximately August 2012 until on or about August 24, 2015.

14. Throughout his employment with Armstrong, Torres regularly worked at least forty (40) hours per week.

15. Armstrong's Kankakee facility runs twenty-four (24) hours per day, and has three (3) shifts per day. Moreover, the Company's Kankakee facility operates a minimum of five (5) days per week (Monday-Friday), and will often operate a sixth day (Saturday), and seventh day (Sunday).

16. Armstrong requires all employees to attend a pre-shift People Engaged in Progress ("PEP") meeting.

17. The PEP meetings typically last approximately fifteen (15) minutes.

18. The purpose of the PEP meeting is to prepare the employees for that day's work. For example, during the PEP meeting the Company's supervisors will review the previous shift's production and downtimes with the employees, inform the employees about the target production goals for the day, and discuss any quality-control and/or safety issues.

19. An employee will be disciplined pursuant to the Company's progressive discipline policy if he/she misses the PEP meeting.

20. An employee may also be disciplined pursuant to the Company's progressive discipline policy even if he/she is only late to the PEP meeting.

21. The PEP meetings are an integral and indispensable part of the principal work activities for which Plaintiffs and Armstrong's other hourly employees were employed.

22. Armstrong does not pay employees for attending the mandatory PEP meetings.

23. As a result, Armstrong failed to compensate Plaintiffs and its other hourly employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Collective Action)

24. Plaintiffs incorporate paragraphs 1-23 as though fully set forth herein.

25. This Count arises from Armstrong's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiffs and all others similarly situated individuals at the overtime rate for all hours worked in excess of forty (40) per workweek.

26. All past and present hourly employees of Armstrong who worked at the Company's Kankakee, Illinois facility and were not paid for time spent attending pre-shift PEP meetings, are similarly situated to Plaintiffs.

27. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Armstrong's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiffs attach as Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

28. All past and present hourly employees, including Plaintiffs, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Armstrong.

29. Plaintiffs and Armstrong's other hourly employees have not received proper overtime compensation for all hours worked over forty (40) in one workweek pursuant to the FLSA.

30. The Company's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Armstrong's conduct shows that it either knew that its conduct violated the FLSA, or showed reckless disregard for whether its actions complied with the FLSA.

31. Plaintiffs' experiences are typical of the experiences of the putative class members.

32. For all similarly situated individuals to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to them, as well as certain additional time for those individuals to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

33. The hourly employees who are still employed by Armstrong may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Rockford Battrell and Abel Torres, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Class Action)**

34. Plaintiffs incorporate paragraphs 1-23 as though fully set forth herein.

35. Plaintiffs seek to represent a class that is comprised of and defined as:

    All persons who have been employed by Armstrong Flooring, Inc., at its Kankakee, Illinois facility as hourly employees from June 29, 2014, through and including the present, and who have not been paid for all hours worked before their assigned shift (hereinafter "IMWL Class").

36. This Count arises from Armstrong's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay Plaintiffs and the IMWL Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

37. Plaintiffs and the IMWL Class were entitled to be compensated for all work they performed, including the work they were required to perform before the start of their assigned shift.

38. Specifically, Plaintiffs and the IMWL Class were entitled to be compensated for the time they spent attending the mandatory pre-shift PEP meetings.

39. Pursuant to the IMWL, for all weeks during which Plaintiffs and the IMWL Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

40. Armstrong violated the IMWL by failing to compensate Plaintiffs and the IMWL Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

41. Plaintiffs seek certification of this lawsuit as a class action in order that their rights and those of the IMWL Class be resolved, including all overtime wages due, statutory damages, prejudgment interest, and any other damages due.

42. This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the IMWL Class is so numerous that joinder of all putative class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Armstrong has employed in excess of two hundred (200) persons who have been subject to the Company's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

43. Plaintiffs and the IMWL Class have been equally affected by Armstrong's failure to properly pay overtime wages.

44. The IMWL Class members who are still employed by Armstrong may be reluctant to raise individual claims for fear of retaliation.

45. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

46. Plaintiffs, the IMWL Class, and Armstrong have a commonality of interest in the subject matter and remedy sought.

47. Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the IMWL Class.

48. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

49. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the

members of the Class, to the Court, and to Armstrong.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

WHEREFORE, Plaintiffs Rockford Battrell and Abel Torres, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b) Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: June 29, 2017  Respectfully submitted,

Bradley Manewith, #6280535  ROCKFORD BATTRELL and ABEL TORRES,
Anne K. Schmidlin, #6313916  on behalf of themselves and all other similarly
Siegel & Dolan Ltd.  situated persons, known and unknown,
150 North Wacker Drive, Suite 1100
Chicago, IL  60606
Tel. (312) 878-3210
Fax (312) 878-3211
bmanewith@msiegellaw.com  By: /s/ Bradley Manewith
aschmidlin@msiegellaw.com  Attorney for Plaintiffs